UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID DIRLAM, d/b/a Area's Finest,

                      Plaintiff,

v.                                                      3:05-CV-0927
                                                            (FJS/GHL)
SECRETARY OF HEALTH AND HUMAN
SERVICES,

                      Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

OFFICE OF KEVIN F. GUYETTE             KEVIN F. GUYETTE, ESQ.
*Counsel for Plaintiff*
19 Chenango Street
Suite 1101 Press Building
Binghamton, New York 13901

HON. GLENN T. SUDDABY                WILLIAM H. PEASE, ESQ.
United States Attorney for the              Assistant United States Attorney
  Northern District of New York
*Counsel for Defendant*
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

GEORGE H. LOWE, United States Magistrate Judge

## DECISION AND ORDER

      On or about July 25, 2005, plaintiff filed a complaint seeking review of a final decision by the Secretary of Health and Human Services denying plaintiff's claims for reimbursement under the Medicare Part B program for powered wheelchairs and battery power packs. Dkt. No. 1. On or about that same date copies of the summons and complaint were served by mail upon

the United States Attorney's branch office in Binghamton, NY.  That branch office should have promptly forwarded the papers to the United States Attorney's Civil Division located in Syracuse, NY.  Presumably because of an inadvertent clinical error, this did not occur, and it was not until January, 2007, when the Syracuse Civil Division became aware of the case, as a result of an inquiry by this Court's Clerk's office.  Dkt. No. 14, Ex. A.  The defendant promptly requested an extension of his time to respond to the complaint (Dkt. No. 5), but plaintiff refused to consent to such an extension.  On February 20, 2007, at plaintiff's request, the Clerk of the Court entered default against defendant.  Dkt. No. 9.  Plaintiff now moves for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  Dkt. No. 7.  Defendant opposes the motion and seeks to set aside the entry of default.  Dkt. No. 19.

It is noteworthy that at no time during the 16 months' period from July, 2005, through January, 2007, did plaintiff's counsel, who practices in Binghamton, place a telephone call to the United States Attorney's office to inquire about the delay.  If he had done so it is very possible that his client's claims already would be fully resolved.

## DISCUSSION

Rule 55(e) of the Federal Rules of Civil Procedure provides:

> No judgment by default shall be entered against the United States
> or an officer or agency thereof unless the claimant establishes a
> claim or right to relief by evidence satisfactory to the court.

The rationale underlying Rule 55(e) is that the government is sometimes slow to respond and that the public fisc should be protected from claims that are unfounded but would be granted solely because the government failed to make a timely response.  <u>Marziliano v. Heckler</u>, 728 F.2d

2

151, 158 (2d Cir. 1984).

Here plaintiff has not established a right to relief by evidence satisfactory to this Court. The plaintiff has a right to relief only if he can persuade the Court that the defendant's final decision denying the claims for reimbursement under the Medicare Part B program is not supported by substantial evidence. Obviously, the administrative record, which is not before the Court, is needed to make this determination.

Plaintiff argues, however, that the Court should find that the evidence before it is satisfactory in light of the decision in Maximum Comfort, Inc. v. Leavitt, 323 F. Supp. 2d 1060 (E.D. Calif. 2004). Disturbingly, plaintiff failed to acknowledge the existence of directly contrary authority: Gulfcoast Medical Supply, Inc. v. Sec'y of Health and Human Servs., 468 F.3d 1347 (11th Cir. 2006), and MacKenzie Medical Supply v. Leavitt, 419 F. Supp. 2d 766 (D. Md. 2006), appeal pending, No. 06-1630 (4th Cir.). Of importance, an appeal is pending in Maximum Comfort, No. 05-15832 (9th Cir.).

Curiously, plaintiff places great reliance in Alamedo v. Secretary of Health, Education and Welfare, 622 F.2d 1044 (1st Cir. 1980). That decision could hardly be more inapposite. There, unlike here, the administrative record had been before the District Court, and then, unlike here, "[t]he Secretary repeatedly failed ...to honor the orders of the district court." Id. at 1045.

Finally, plaintiff observes that the defendant's delay here is especially egregious "in a district with perhaps the biggest backlog and heaviest caseload per judge in the nation." Dkt. No. 7 at 8. This District's backlog would not be as severe if litigants refrained from making obviously unmeritorious motions.

3

**ACCORDINGLY**, it is

**ORDERED**, that plaintiff's motion for a default judgment is denied, and it is further

**ORDERED**, that defendant's motions to set aside the Clerk's entry of default (Dkt. No. 9) is **GRANTED**, and it is further

**ORDERED**, that the defendant is to file an answer and the administrative record within two weeks of the date of this Decision and Order.

Dated: April 24, 2007
Syracuse, New York

George H. Lowe
United States Magistrate Judge